GEORGE SPIVEY v. THE STATE.

*No. 3775.    Decided November 14.*

1. **Assault with Intent to Murder—Charge of Court.**—Where, on a trial for assault with intent to murder, the charge of the court submitted the law of assault with intent to murder and aggravated assault, when committed under circumstances not amounting to an intent to murder or maim, and the evidence showing that the injured party first committed an assault upon defendant with a knife, causing pain and bloodshed, *held*, error, in that the charge of the court omitted further to instruct the jury upon the law of manslaughter as applicable to aggravated assault.

2. **Same — Manslaughter Arising from Aggravated Assault.** — See a case stated in the opinion presenting an exception to the rule, "that if the law of aggravated assault is invoked by the evidence in a trial for assault to murder, it is not necessary that the law of manslaughter be given in charge, provided the law of aggravated assault is otherwise adequately explained." And in which it was held, that the law of manslaughter occasioned by aggravated assault should have been given as part of the law of the case.

APPEAL from the District Court of Tyler. Tried below before Hon. W. H. Ford.

Appellant was convicted for an assault with intent to murder, and given two years in the penitentiary as his punishment. The facts in the case are sufficiently stated in the opinion.

*West & Chester*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—In a prosecution for an assault with intent to murder, if the evidence should show that had homicide resulted the offense would have been manslaughter, then the accused can not be convicted of a higher grade of offense than aggravated assault. This is a general and well established rule. In the case before us the defendant has been charged with and convicted of an assault with intent to murder.

At the trial the general charge to the jury submitted the law of assault with intent to murder, aggravated assault and battery, and self-defense. The charge upon aggravated assault submitted the law as to such assault when committed under circumstances not amounting to an intent to murder or maim, and in that aspect of the case the charge was perhaps full and explicit. Defendant's counsel contend that the court should have also charged the law of manslaughter as applicable to aggravated assault, and the omission to do so is the main error complained of on this appeal. It is well settled that the law of manslaughter and of aggravated assault need not and should not be charged when the facts do not raise the issue (Hines v. The State, 3 Texas Ct. App., 484; Winn v. The State, 5 Texas Ct. App., 621; Anderson v. The State, 15 Texas Ct. App., 447; Carr v. The State, 41 Texas, 544; Willson's Crim. Stats., sec. 863); and in Wilson v. The State, 4 Texas Court of Appeals, 637, it was held, that if the law of aggravated assault is invoked by the evidence in a trial for an assault with intent to murder, it is not necessary that the law of manslaughter be given in charge, provided the law of aggravated assault is otherwise adequately explained; but it was remarked in the opinion that "a case might arise requiring such instruction."

We think the case in hand before us is one of that character, and that such an instruction was demanded by the evidence. In substance, the testimony shows that appellant and the injured party had engaged in a wordy altercation a short time prior to the alleged assault by defendant. Defendant testified in his own behalf at the trial, and he stated in his testimony that after the previous difficulty he had gone down the road some distance, when the other parties came up to or overtook him, and that the woman, who is the alleged assaulted party, ran up and tried to cut him with a knife; that he picked up a piece of scantling, and Kibble, the party accompanying the woman, ran up and grabbed the scantling, and that the woman Fannie Reese ran up and cut him on the back of the neck; that he then struck her with the scantling and knocked her down. In support of his statement that the woman had cut him with a knife, it was shown that he had a physician to examine and treat his wound immediately after the difficulty. It is also shown that a large knife was found lying by the side of the woman when she was picked up senseless from the ground. It was also shown that he exhibited upon his neck to the jury a scar of the wound, which was about two inches long, and it is evident from all the facts that if the woman inflicted this wound upon him with a knife she must have done so before he struck her with the scantling and knocked her senseless.

Now, if, as he stated, the woman struck him with the knife, thereby inflicting upon him a blow causing pain or bloodshed, and such assault and battery by her produced in his mind such a degree of anger, rage,

sudden resentment, or terror as rendered his mind incapable of cool reflection, and under the immediate influence of such sudden passion he struck the injured party with the scantling, then, and in that event, had death resulted, his offense might have been manslaughter, and not murder; and in a prosecution for assault with intent to murder, under such a state of facts, his offense might not have been of higher grade than aggravated assault and battery. In manslaughter an assault and battery by the deceased causing pain and bloodshed is one of the adequate causes enumerated in our statute. Penal Code, art. 597, subdiv. 1.

Under the circumstances of this case, we think it was error for the court to omit to charge the law of manslaughter as applicable to aggravated assault, and for the error to so charge the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.